**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

────────────

**No. 25-2297**

────────────

ADONICA BLACKSTON,

Plaintiff - Appellant,

v.

STARBUCKS CORPORATION,

Defendant - Appellee.

────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:25-cv-01550-MSN-WBP)

────────────

Submitted:  May 21, 2026                          Decided:  May 26, 2026

────────────

Before AGEE and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

────────────

Affirmed by unpublished per curiam opinion.

────────────

Adonica Blackston, Appellant Pro Se.

────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Adonica Blackston appeals the district court's order dismissing, on 28 U.S.C. § 1915(e)(2) review, Blackston's complaint alleging claims for (1) retaliation and race and sex discrimination, brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; (2) age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 to 634; (3) wrongful discharge in violation of Virginia public policy; and (4) defamation. We have reviewed the record and find no reversible error. *See Moore v. Frazier*, 941 F.3d 717, 725 (4th Cir. 2019) (reiterating that this court may affirm "on any ground apparent on the record").

In particular, we conclude that the district court correctly found that Blackston's retaliation claim failed because nearly a year passed between the time she complained of harassment and her termination, and the "intervening events" to which she points (e.g., being pulled off the register and requested to wash a bathroom wall) were not of the type to "bridge the . . . temporal gap" to sufficiently allege causation. *Seabrook v. Driscoll*, 148 F.4th 264, 273 (4th Cir. 2025). We further conclude that Blackston's remaining claims failed because the supporting allegations were conclusory and failed to establish the basic elements of the claims. *See Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) ("[N]aked assertions of wrongdoing necessitate some factual enhancement within the complaint to cross the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

Accordingly, we affirm the district court's order. *Blackston v. Starbucks Corp.*, No. 1:25-cv-01550-MSN-WBP (E.D. Va. Oct. 3, 2025). We dispense with oral argument

2

because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*